IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MADERAL,<br><br>            Plaintiff,<br><br>       v.<br><br>WELLS FARGO HOME MORTGAGE, LLC, et al.,<br><br>            Defendants. | No. C-15-5214 MMC<br><br>**ORDER GRANTING WELLS FARGO'S MOTION TO DISMISS; DISMISSING COMPLAINT; AFFORDING PLAINTIFF LEAVE TO AMEND; VACATING HEARING** |

       Before the Court is the "Motion to Dismiss the Complaint," filed November 18, 2015 by defendant Wells Fargo Bank, N.A. ("Wells Fargo"), erroneously sued herein as Wells Fargo Home Mortgage, LLC. Plaintiff Elizabeth Maderal has not filed opposition.[1] Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for decision thereon, VACATES the hearing scheduled for January 22, 2016, and rules as follows.

       1. The First Cause of Action, in which plaintiff alleges Wells Fargo violated § 2923.5 and § 2923.55 of the California Civil Code by, inter alia, not contacting plaintiff prior to recording a notice of trustee's sale (see Compl. ¶ 40), is subject to dismissal, as plaintiff fails to allege that the subject real property is her "principal residence." See Cal. Civ. Code

---

[1] Under the Local Rules of this District, any opposition was due no later than December 2, 2015. See Civil L.R. 7-3(a) (providing "opposition must be filed and served not more than 14 days after the motion [is] filed").

1  § 2924.15 (providing that § 2923.5 and § 2923.55 "shall apply only . . . to deeds of trust that
2  are secured by . . . . property [that] is the principal residence of the borrower").

3  　　　　2. The Second Cause of Action, in which plaintiff alleges Wells Fargo violated
4  § 2923.6 of the California Civil Code, is subject to dismissal. Section 2923.6(c) prohibits
5  the recordation of a notice of trustee's sale "while [a] complete first lien loan modification
6  application is pending," see Cal. Civ. Code § 2923.6(c), and plaintiff's conclusory allegation
7  that she submitted a "full and final application" to Wells Fargo prior to said recordation (see
8  Compl. ¶ 48), is insufficient to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678
9  (2009) (holding "conclusory statements" insufficient to state claim for relief; explaining
10 courts "are not bound to accept as true a legal conclusion couched as a factual allegation")
11 (internal quotation and citation omitted); Saridakis v. JPMorgan Chase Bank, 2015 WL
12 57016 (C.D. Cal. February 11, 2015) (holding allegation that lender recorded notice of
13 trustee's sale after plaintiff "submitted a completed, legible and satisfactory loan
14 modification application" was "insufficient to plead a claim under § 2923.6(c)").

15 　　　　3. The deficiencies identified above are equally applicable to RTS Pacific, Inc.,
16 which defendant is alleged to be Well Fargo's trustee and has not yet appeared.
17 Accordingly, the complaint is subject to dismissal as against said additional defendant. See
18 Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding, where court
19 grants motion to dismiss complaint as to one defendant, court may dismiss complaint
20 against non-moving defendant "in a position similar to that of moving defendants").

21 **CONCLUSION**

22 　　　　For the reasons stated above, Wells Fargo's motion to dismiss is hereby GRANTED,
23 and the complaint is hereby DISMISSED. If plaintiff wishes to file an amended complaint to
24 cure the deficiencies identified above, plaintiff shall file a First Amended Complaint no later
25 than January 22, 2016.

26 　　　　**IT IS SO ORDERED.**

27
　　Dated: December 29, 2015　　　　　　　　　　　　_____
28 　　　　　　　　　　　　　　　　　　　　　　　　　　MAXINE M. CHESNEY
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge